UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| PIN OAK PROPERTIES, LLC ) | CASE NO.: <u>17-bk-00608</u> |
| Debtor. ) | CHAPTER 11 |

**DEBTOR'S AMENDED APPLICATION TO EMPLOY COUNSEL; AND MODIFIED DECLARATION OF BANKRUPTCY LAWYER IN SUPPORT THEREOF**

Pin Oak Properties, LLC, ("Debtor"), for and in support of its Amended Application to Employ Counsel, respectfully represents that:

1. Debtor filed a voluntary bankruptcy petition on June 7, 2017, and is the Debtor-in-Possession in its Chapter 11 case pursuant to 11 U.S.C. §§1107 and 1108.

2. Also, on June 7, 2017, the Debtor filed its Application to Employ Counsel (Application) and Declaration of Bankruptcy Lawyer in Support Thereof (Declaration).

3. In the Application and Declaration the Debtor requested the Court approve employment of Gianola, Barnum, Bechtel & Jecklin, L.C. (the Firm) as the Debtor's bankruptcy counsel.

4. Inadvertently, the Firm failed to notify the Court in the Application and Declaration that the Debtor owes the Firm pre-petition debts of $978.75 for legal work it provided the Debtor in a matter involving the Town of White Hall, Marion County, West Virginia, and $3,148.05 for legal work for a mater involving a lawsuit brought by City Neon, Inc.

5. According, the Firm is notifying the Court through this Amended Application of the pre-petition debts and importantly, that the Firm shall not attempt to collect on the pre-petition debts owed to it by the Debtor.

WHEREFORE, Debtor requests that the Court consider this Amended Application along with its June 7, 2017, Application and authorize it to employ the Firm at the expense of the estate upon the terms set forth in its June 7, 2017, Application.

DATED: June 8, 2017

**GIANOLA BARNUM, BECHTEL & JECKLIN, L.C.**


s/ David M. Jecklin
David M. Jecklin, Esquire
1714 Mileground
Morgantown, WV 26505
WV Bar No. 9678
(304) 291-6300

**MODIFIED DECLARATION OF GIANOLA, BARNUM, BECHTEL & JECKLIN, L.C.**

I, David M. Jecklin, declare that:

1. I am an attorney at law duly admitted to practice in the State of West Virginia and before the United States Bankruptcy Court for the Northern District of West Virginia.

2. I am a member of the law firm of Gianola, Barnum, Bechtel & Jecklin, L.C., the attorneys whom Pin Oak Properties, LLC ("Debtor") wishes to have represent it in its Chapter 11 bankruptcy case (the "Firm").

3. I know of no reason why, if the Firm is appointed as Debtor's bankruptcy counsel, it cannot fairly and efficiently discharge all duties required of the Firm to be performed in this case.

4. To the best of my knowledge, information, and belief, and except as stated below, the Firm has no connection with debtor, its other attorneys, accountants, creditors, or any other party in interest.

Additionally, the Firm filed a Declaration on June 7, 2017, but inadvertently failed to notify the Court that it has represented the Debtor previously and is owed pre-petition debts of $978.75 for legal work it provided the Debtor in a matter involving the Town of White Hall, Marion County, West Virginia, and $3,148.05 for legal work for a mater involving a lawsuit brought by City Neon, Inc.  However, the Firm will not attempt to collect on these pre-petition debts and is hereby waiving any claims it has to any payments on these pre-petition debts.  Therefore, the Firm does not believe it holds any interest adverse to the estate in the matters upon which it is to be engaged.   The Firm apologizes for any confusion it caused in its June 7, 2017, Declaration.  It was never the

3

Firms intention to collect on the pre-petition debt owed to it by the Debtor and the Firm inadvertently failed to notify the Court of that fact in its Declaration.

It is possible that the Firm may have represented from time to time one or more creditors of Debtor in matters unrelated to this case; however, I am not aware of any conflict which would exist and moreover I warrant that the Firm will not represent any creditor or other party in interest in this case nor will it hereafter represent any person in connection with this case other than Debtor.

5. No agreement exists in violation of the prohibitions of 11 U.S.C. § 504(a) or Rule 2016(b) of the Bankruptcy Rules for a division or sharing of any fees which maybe awarded in this case.

I declare under penalty of perjury that the foregoing is true and correct, is based upon personal knowledge except for those matters stated to be on information and belief, and if called as a witness, I could and would testify competently thereto. Executed at Morgantown, West Virginia, on 8th day of January 2017.


**GIANOLA BARNUM, BECHTEL & JECKLIN, L.C.**


s/ David M. Jecklin
David M. Jecklin, Esquire
1714 Mileground
Morgantown, WV  26505
WV. Bar No. 9678
(304) 291-6300

4

## CERTIFICATE OF MAILING

I, David M. Jecklin, certify that I served the foregoing Debtor's Amended Application to Employ Counsel; Modified Declaration of Bankruptcy Lawyer in Support Thereof by e-filing or mailing a copy by United States First Class Mail, postage prepaid, to the addresses below this 8th day of June 2017.

    s/ David M. Jecklin
David M. Jecklin, Esquire
1714 Mileground
Morgantown, WV  26505
WV. Bar No. 9678
(304) 219-6300